**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

Matthew D. Barrett, individually and on
behalf of all others similarly situated

Plaintiff,

v.

Industrial Service Solutions, LLC d/b/a
Industrial Service Solutions, LLC of
Delaware, and IPEC, Inc.

Defendants.

Civil Action No. 4:25-cv-3699

PLAINTIFF'S SECOND AMENDED
COLLECTIVE ACTION COMPLAINT

Plaintiff Matthew D. Barrett ("Plaintiff" or "Barrett"), individually and on behalf of all others similarly situated, files this Complaint against Defendants Industrial Services Solutions, LLC d/b/a Industrial Service Solutions, LLC of Delaware ("ISS") and IPEC, Inc. ("IPEC," collectively, "Defendants"), showing in support as follows:

### I.    NATURE OF ACTION

1.    This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendants' failure to pay Plaintiff time and one half-the regular rate of pay for all hours worked over forty (40) in each seven-day workweek.

2.    Specifically, Defendants require Plaintiff and other hourly paid mining employees to suit into protective clothing and safety gear (personal protective equipment, hereafter "PPE") necessary to safely perform their job duties and travel into the mines also known as "donning," while on mining premises without compensation, prior to being "clocked in." Similarly, Defendants require Plaintiff and other hourly paid mining employees to remove and store PPE and

wash up, also known as "doffing," without compensation, or while "clocked out." This pre/post shift off the clock work policy of Defendants' violates the FLSA by depriving Plaintiff and other hourly paid mining employees of overtime wages when they work in excess of forty (40) hours in a workweek.

3.      Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendants who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each seven (7) day workweek in the time period of three (3) years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

4.      Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.      THE PARTIES

**A.      Plaintiff Matthew D. Barrett.**

5.      Plaintiff is an individual residing in Le Flore County, Oklahoma. Plaintiff has standing to file this lawsuit.

6.      Plaintiff began working for Defendant on or about 2018. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about August of 2024.

7.      At all times, Plaintiff was paid on an hourly basis of approximately $29.00 per hour.

8.      Plaintiff's written consent to participate in this lawsuit was filed along with his Original Complaint as Exhibit 1.

**B.      Collective Action Members.**

9.      The putative Collective Action Members are all current and former hourly paid employees of Defendant who are/were not paid time and one-half their respective regular rates of

pay for all hours worked over forty (40) during each seven (7) day workweek. Because Defendant did not pay all overtime premium compensation due to its employees who routinely worked over forty (40) hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

**C.    Defendant Industrial Service Solutions, LLC d/b/a Industrial Service Solutions, LLC of Delaware**

10.    Defendant is a corporation organized under the laws of the state of Delaware.

11.    At all times relevant to this lawsuit, Defendant has done business in the State of Texas.

12.    Defendant's principal place of business and headquarters is 840 Gessner Rd., Suite 950, Houston, Texas 77024.

13.    At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

14.    At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

15.    At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

16.    Defendant employed two or more employees who regularly engaged in commerce in their daily work.

17.    Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

18.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

19.     Defendant has been served with summons.

**D.     Defendant IPEC, Inc.**

20.     Defendant is a corporation organized under the laws of the state of Delaware.

21.     At all times relevant to this lawsuit, Defendant has done business in the state of Texas.

22.     Defendant's principal place of business is 400 West Main Street, Suite 114; Gaylord, Michigan 49735.

23.     At all times relevant to this lawsuit, Defendant IPEC is and has been an "enterprise engaged in commerce" as defined by the FLSA.

24.     Defendant IPEC is/was an employer of Plaintiff and the putative collective action members.

25.     At all times relevant to this lawsuit, Defendant IPEC employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. For instance, IPEC engaged workers to obtain minerals from the ground that were later sold in commerce. Furthermore, IPEC engaged workers who used tools including standard construction tools, materials including potentially explosives, PPE, and other supplies/materials used in connection with mining operations.

26.     On information and belief, at all times relevant to this lawsuit, IPEC has had annual gross sales or business volume in excess of $500,000.

27.    Defendant IPEC, Inc. may be served with summons through its registered agent, Legalinc Corporate Services Inc. at 10601 Clarence Drive, Suite 25; Frisco, TX 75033.

### III.    JURISDICTION AND VENUE

28.    This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

29.    The United States District Court for the Southern District of Texas has personal jurisdiction over Defendant because Defendant does business and is headquartered in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

30.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

### IV.    FACTUAL BACKGROUND

31.    Defendant ISS is a company that manufactures, supplies, installs, integrates and services critical process equipment for a broad set of industrial markets. Relative to Plaintiff, ISS performed employment functions relative to payroll and personnel documentation maintenance.

32.    Defendant IPEC is a company that builds custom modular process systems from design through fabrication and installation. Relative to Plaintiff, IPEC performed employment functions relative to supervision, direction, determination of compensation, and the initiation and termination of the employment relationship.

33.    Plaintiff was employed by Defendants as a welder, craftsman, and builder in connection with its mining business operations. His primary job duties involved stick and wire

feed welding and fabrication of drums and other equipment used at mining sites. He was also responsible for assembling steel and equipment on mining sites.

34.    Plaintiff routinely worked over forty (40) hours per workweek for Defendants. Plaintiff's weekly work schedule typically encompassed up to 60 hours per workweek. However, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty (40) during each workweek.

35.    During times relevant, Defendants employed numerous other employees in connection with its mineral extraction business operations who are/were similarly situated to Plaintiff. Those employees are/were also paid on an hourly basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each and every workweek.

36.    As a part of their job duties, Plaintiff and similarly situated employees operated heavy equipment and machinery around mining production operations. To perform this work safely, and as part of their job duties, Defendants required Plaintiff and similarly situated workers to wear protective clothing and safety gear (personal protective equipment, hereafter "PPE").

37.    The protective clothing and PPE that Defendants required Plaintiff and similarly situated employees to wear included (but is not limited to) a hard hat, head lamp, reflective clothing, steel toed boots, safety glasses, respiratory protection, fall protection equipment, hearing protection, body protection, flame-resistant clothing, eye protection, and/or other similar protective products, all of which were fundamentally necessary for them to perform their job and travel into the mine. Indeed, much of the protective clothing and/or PPE worn by Plaintiff and similarly situated employees is mandatory per federal regulations. *See* 29 C.F.R. § 1910.132; 30 C.F.R. §§ 56.1-58.620. Donning and doffing this protective clothing and/or PPE was therefore

integral and indispensable to the completion of work by Plaintiff and similarly situated employees and therefore formed part of their job duties.

38.     Furthermore, Defendants frequently required Plaintiff and similarly situated employees to carry tools and/or equipment from the preparatory location to the worksite, which is a compensable task.

39.     Similarly, the travel time between donning the protective clothing and/or PPE and the principal work location as well as the time traveling from the principal work location to the doffing/showering site was compensable travel time in a continuous workday. *See* 29 C.F.R. § 785.15; 29 C.F.R. § 785.38 (Travel that is all in the day's work).

40.     All of these tasks frequently took Plaintiff and similarly situated employees approximately one hour or more per shift to complete, including donning, doffing, traveling, obtaining tools, and storing clothing and PPE.

41.     However, Defendants' policy and/or practice does not permit Plaintiff and similarly situated workers to record the time spent completing these compensable tasks. Accordingly, Defendants request, suffers and/or permits Plaintiff and other similarly situated employees to work "off the clock" without compensation both before and after their scheduled shifts. Defendants are aware of, benefits from, and in fact requires this work to be performed without compensation.

42.     Defendants request, suffer and/or permit Plaintiff and other similarly situated employees to perform compensable work pursuant to a uniform policy and/or practice, but does not provide compensation for such work. Consequently, Defendants are liable to Plaintiff and similarly situated workers for all time spent performing such work in all workweeks in which they worked over forty (40) hours per week at the rate of one- and one-half times their respective regular rates of pay for all such work performed.

## V.    FLSA CLAIMS FOR OVERTIME PAY

43.    At all relevant times, Defendants are/were eligible and covered employers under the FLSA. *See* 29 U.S.C. § 203(d).

44.    At all times relevant to this lawsuit, Defendants have been and are enterprises engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

45.    Plaintiff and putative Collective Action Members are/were employees of Defendants pursuant to the FLSA. 29 U.S.C. § 203(e).

46.    Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

47.    At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendants.

48.    Defendants are/were required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

49.    Defendants failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

50.    Defendants failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2(a) & 516.5.

51.    Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

52.     Defendants' violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

53.     Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendants' willful conduct. *See* 29 U.S.C. § 255(a).

54.     Plaintiff and putative Collective Action Members seek all damages available for Defendants' failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.    COLLECTIVE ACTION CLAIMS

55.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

56.     Where, as here, the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

57.     Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all current and former hourly paid employees of Defendants who are/were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) during each seven (7) day workweek.

58.     Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, did not receive all overtime premium pay due for all hours worked over forty in each seven-day workweek.

59.     The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

60.     Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

61.     The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

62.     Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

63.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

64.     Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

65.     Plaintiff demands a jury trial.

## VIII.   DAMAGES AND PRAYER

66.     Plaintiff asks that the Court issue summonses for Defendants to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendants or order(s) from the Court for the following:

    a.   An order requiring notice to be issued to all putative Collective Action Members under *Swales*;

    b.   All damages allowed by the FLSA, including back wages;

c.  Liquidated damages in an amount equal to FLSA-mandated back wages;

d.  Legal fees;

e.  Costs;

f.  Post-judgment interest;

g.  All other relief to which Plaintiff and the putative Collective Action Members may be justly entitled.

Dated:  February 11, 2026                Respectfully submitted,

By:    s/Melinda Arbuckle
       Melinda Arbuckle
       Texas State Bar No. 24080773
       Fed ID No. 2629125
       marbuckle@wageandhourfirm.com
       Ricardo J. Prieto
       Texas State Bar No. 24062947
       Fed ID No. 1001658
       rprieto@wageandhourfirm.com
       **WAGE AND HOUR FIRM**
       5050 Quorum Drive, Suite 700
       Dallas, Texas 75254
       (214) 489-7653 – Telephone
       (469) 319-0317 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
COLLECTIVE ACTION MEMBERS

## CERTIFICATE OF SERVICE

I certify that on February 11, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system. I certify that all counsel of record were served electronically thereby.

s/Melinda Arbuckle
Melinda Arbuckle